# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kelvin Toyo Henry, ) | Case No. 8:22-cv-1955-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| Warden of Greenville County ) | |
| Detention Center, ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 12) recommending that this action be dismissed. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses this action without prejudice.

## I. Background

Petitioner, a state pre-trial detainee, proceeding pro se and in forma pauperis, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 19, 2022, the Magistrate Judge issued an R&R recommending that this action be dismissed. (Dkt. No. 12). Petitioner filed objections to the R&R. (Dkt. No. 14).

## II. Legal Standards

### a. Pro Se Pleading Standard

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). A court may not construct the plaintiff's

legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner filed objections to the R&R, it is reviewed *de novo*.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded this action should be dismissed without prejudice. The Magistrate Judge correctly determined that Petitioner seeks release from his current detention on pending charges and asks the Court to dismiss those charges—relief precluded by *Younger v. Harris*, 401 U.S. 37 (1971) (federal courts should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary circumstances—circumstances not present here); *Martin Marietta Corp. v. Md.*

*Comm'n On Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994); *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (explaining that dismissal pursuant to *Younger* abstention should typically be "with prejudice; not on the merits"). The Magistrate Judge also correctly determined that, to the extent Plaintiff seeks money damages for violations of his civil rights, such relief is unavailable in this habeas action. *See Alford v. South Carolina*, No. 9:18-cv-2562-HMH-BM, 2018 WL 6705526, at *2 (D.S.C. Nov. 26, 2018) ("Additionally, the habeas statutes do not authorize monetary damages, such that Petitioner's request for money is not available in this action."). Petitioner filed objections which the Court addresses below.

The Court overrules Petitioner's objections. (Dkt. No. 14). Petitioner's objections merely repeat allegations from his petition and do not address the Magistrate Judge's substantive findings as to why this action must be dismissed. *See* (*id.* at 1) (alleging, inter alia, that Petitioner was wrongfully arrested).

**IV.   Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 12) as the order of Court and dismisses this action without prejudice.

**AND IT IS SO ORDERED**.

                                                                    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 10, 2022
Charleston, South Carolina